## McALLISTER v. CITY OF MERTENS.
### No. 2043.

Court of Civil Appeals of Texas. Waco.
Nov. 17, 1938.

Rehearing Denied Dec. 22, 1938.

J. P. Miller, of Dallas, for plaintiff in error.

Martin & Allred, of Hillsboro, for defendant in error.

## PER CURIAM.

Harvey B. McAllister brought this suit against the City of Mertens to recover compensation for certain services alleged to have been performed by him as city engineer for said city under an implied contract of employment. The jury found that he did not perform the services and judgment was entered for the defendant. The plaintiff appealed.

The record discloses that in May, 1929, the plaintiff entered into a written agreement with the City of Mertens, whereby he was to draw the plans and specifications for and to supervise the construction of a waterworks system for said city and was to receive for his services a sum equal to five per cent of the contract price for installing the system. The plaintiff drew the plans and specifications for the water system but shortly thereafter a disagreement arose between him and the city commission. It was finally agreed, in May,

1930, that the contract for installing the water system would be let to J. B. McCrary Company, and that as a part of the consideration therefor, said McCrary Company would pay to the plaintiff a sum equal to $2\frac{1}{2}\%$ of the contract price of installing the system and that the plaintiff would accept the same in full satisfaction of the services previously rendered by him to the city and would release the city from further liability under its contract with him. It is plaintiff's contention that in June or July, 1930, the city commission called him back on to the job and requested him to supervise the construction of the water system, and that having performed the services as requested, the city is obligated as on an implied contract to pay him the value of his services so rendered.

Plaintiff in error assigns as error the refusal of the court to instruct the jury to return a verdict in his behalf. He contends that the evidence conclusively shows that he performed the services in question at the request and with the knowledge and consent of the city commission and that under the law the city is obligated to compensate him therefor. We agree with the proposition of law asserted by plaintiff in error that if he had performed the services under the circumstances alleged by him, there would have been an implied obligation on the part of the city to pay for same. The jury found, however, that he did not perform the services under the circumstances alleged, and we think there is evidence to support the verdict. The plaintiff testified that about July 1, 1930, after he had left the job and had returned to his home in Waco, one Hodnet came to see him and importuned him to return to Mertens and supervise the construction of the water system, and that he then returned to Mertens, and after talking with the commissioners and learning from them that they desired of him that he supervise the construction of the system he proceeded to do so. He also introduced in evidence copy of the minutes of the city commission of October 27, 1930, in which he was discharged as city engineer of said city. On the other hand, the evidence shows that Hodnet, who purported to request plaintiff to return to the job, was not an agent of the city but was superintendent of J. B. McCrary Company, the contractor. In addition, the city commissioners testified that they never discussed with plaintiff the matter of his returning to Mertens to supervise the construction of the water

330

system nor requested him to render any further services in connection therewith, nor did they authorize anyone else to do so; that so far as they knew, he performed no services whatever in connection with the installation of the water system; that plaintiff was seen about the city during the time the plant was being constructed but they thought he was working for J. B. McCrary Company, the contractor, and did not know that he was looking to the city for pay for any work that he might have been doing at that time. They testi- fied that the reason for entering the order of date October 27, 1930, formally dis- charging plaintiff as city engineer of the city, was because they had heard a rumor that he was contending that he was still city engineer under and by virtue of the original written contract entered into in May, 1929, and they desired to definitely inform him that his rights under that contract had terminated by virtue of the new agreement entered into in May, 1930. The evidence introduced by the defendant being directly in conflict with plaintiff's testimony raised a question of fact for the jury and was sufficient to authorize the jury to find as it did find that the plain- tiff did not perform any services in the installation and supervision of the water- works system in question in compliance with an implied contract with the city.

Finding no reversible error in the record, the judgment of the trial court is affirmed.